IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RONALD DANIELS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-12-325 |
| | § | |
| CITY OF GALVESTON, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court, with the consent of the parties, is Defendant City of Galveston, Texas' Motion for Summary Judgment (Dkt. No. 10), to which Plaintiff Ronald Daniels filed a response (Dkt. No. 12), and Defendant filed a reply. (Dkt. No. 13). After reviewing the pleadings, the summary judgment motion, the response, the reply, and the applicable law, the Court issues this Opinion and Order.

## I. BACKGROUND

This action is based on claims of racial discrimination and retaliation. Plaintiff Ronald Daniels (Daniels) is an African American. (Dkt. No. 1; Dkt. No. 10). In 2004, Daniels was hired as a police officer for the City of Galveston ("the City") and in August of 2010, he was promoted to Police Sergeant. (Dkt. No. 10 at 2). Shortly after Daniels was promoted, Galveston's City Counsel passed Ordinance Nos. 10-075 and 10-076,[1] which required a reduction

---

[1] The Ordinances were prompted by the fiscal impact Hurricane Ike had imposed on the City.

1

in the number of positions per classification of firefighters and police officers. (Dkt. No. 10, Exs. A & B). The impact of Ordinance No. 10-076, which was carried out in accordance with §143.085 of the Texas Local Government Code (Dkt. No. 10, Ex. C),[2] was felt by Daniels. Daniels, being among the last six officers promoted to Police Sergeant, was demoted. On November 1, 2010, Daniels wrote a letter to the City opposing his demotion and claiming that it was based on race. (Dkt. No. 10, Ex. D). The City responded to Daniels' letter by informing him that the demotions were done in accordance with the law, which afforded the City no discretion. (Dkt. No.10, Ex. E).

In November 2011, Daniels' employment was terminated due to unrelated performance issues. Daniels appealed the determination. (Dkt. No. 10 at 3). He also filed an EEOC complaint (Charge No. 460-2012-01056) in which he alleged that his demotion was based on race and that he was retaliated against for complaining about the demotion. (*Id.*). In terms of his appeal, the City and Daniels later reached a settlement in or around June 2012. (Dkt. No. 10, Ex. F (Settlement Agreement and Release of All Claims)). In accordance with their agreement, the City reinstated Daniels, withdrew his discipline and provided him with back-pay, in return, after being reinstated, Daniels resigned, effective April 18, 2012, and waived back pay, lost wages, past, future or other earned income, and benefits or compensation. (*Id.*). Daniels also agreed to "irrevocably and unconditionally" release the City from "any an all causes of actions, liabilities, obligations, suits, claims and demands of whatsoever kind or nature in law, equity or otherwise, relating in any way to Daniels' employment," except for his "existing EEOC Charge No. 460-

---

[2] Also in accordance with the law, all officer that were demoted were placed on a reinstatement list for one year or until November 5, 2011. (*See* Dkt. No. 10 at Affidavit of Jose Sanchez, Exs. A & B).

2012-01056, alleging race discrimination and retaliation." (*Id.*).

Thereafter, on November 5, 2012, Daniels filed suit against his former employer, the City of Galveston, Texas, alleging that his demotion was based on race discrimination and that he was subjected to retaliation for complaining about the demotion in violation of his civil rights. (Dkt. No. 1 at 5). The City has moved for summary judgment on Daniels' claims. (Dkt. No. 10). In his response, Daniels argues that the City's motion is premature because he has not had an opportunity to conduct discovery and he contends that the release agreement contains conflicting provisions. (Dkt. No. 12). The City filed a reply. (Dkt. No. 13). The City's Motion is ripe for adjudication.

## II. STANDARD OF REVIEW

The Court analyzes the City's Motion under the well-established summary judgment standard. Fed. R. Civ. P. 56(c); *see generally, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 576, 586-87 (1986); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 464 (5th Cir. 1999); *United States v. Arron*, 954 F.2d 249, 251 (5th Cir. 1992).

## III. DISCUSSION

Daniels appears to allege that the City terminated him based on race and retaliation. (*See* Dkt. No. 1 at ¶¶ 8, 18). The City argues that Daniels cannot maintain this claim because he was not terminated, rather, he resigned pursuant to a voluntary settlement agreement. (Dkt. No. 10 at 3). In addition, the City argues that Daniels waived any claim for compensatory damages. (*Id.*). The Court agrees with the City that, to the extent alleged, these claim are precluded by the

3

terms of the Settlement Agreement and Release of All Claims.[3] (Dkt. No. 10, Ex. F). Although Daniels attempts to suggest that the release contains some conflicting provisions, he fails to articulate the nature of the conflict and, having reviewed the Agreement, this Court cannot discern any conflict.

Daniels also appears to claim that his demotion was unlawful because it was based on race and that his termination/resignation was retaliatory because he complained about the demotions. Regardless of the basis upon which Daniels's claims are brought,[4] the undisputed evidence clearly establishes that the demotions were not based on race, but done in accordance with the Civil Service Law and Chapter 14.085 of the Texas Local Government Code. (Dkt No. 10, Exs. B, C & E). Nor will Daniels' opposition to a legal practice constitute protected activity upon which to serve as the basis for a retaliation claim. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000) (determining that "opposition clause" is only satisfied when the employee has an objective reasonable belief that his employer is engaging in unlawful employment practices); *Harvey v. Chevron U.S.A., Inc.*, 961 F.Supp. 1017, 1033-34 (S.D.Tex. 1997) (concluding that subjective good faith that employer is engaging in unlawful employment practice is not sufficient).

---

[3] The Court pauses to note that there are no allegations that Daniels did not knowingly and voluntarily sign the Settlement Agreement and Release of All Claims.

[4] In his complaint, Daniels states that the Court has original jurisdiction over this action because it involves a federal question. 28 U.S.C. § 1331. Daniels also alleges the Court has original jurisdiction because his claims involve civil rights (28 U.S.C. §1343) and he then lists 42 U.S.C. §2000(e) [Title VII], 42 U.S.C. §§ 1981 and 1983. (Dkt. No. 1 at 1, ¶1). Despite the passing reference Daniels makes to the Title 42 statutes in his statement of jurisdiction, he fails to explain the basis for these claims. Instead, his complaint consists of factual allegations accompanied by a prayer for relief. (Dkt. No. 1).

4

## CONCLUSION

For the reasons stated above, there is no genuine issue of material fact regarding Plaintiff's claims that his civil rights were violated. Accordingly, it is hereby, **ORDERED AND ADJUDGED** that:

1) Defendant City of Galveston, Texas' Motion for Summary Judgment (Dkt. No. 10) is **GRANTED**;

2) Any motion not addressed herein is **DENIED**; and

3) Plaintiff's action is **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this ___14th___ day of May, 2014.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE